IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MONIQUE SCOTT**                                                    **PLAINTIFF**

v.                                                 Civil No. 1:21-cv-186-TBM-RHWR

**HUNTINGTON INGALLS, Inc.**                                **DEFENDANT**

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* following pro se Plaintiff Monique Scott's ("Plaintiff" or "Scott") failure to obey Court Orders. For the reasons that follow, the undersigned United States Magistrate Judge recommends dismissing this case without prejudice for failure to prosecute and failure to obey Court Orders.

I. BACKGROUND

Scott filed this suit on May 28, 2021. Compl. [1]. On April 18, 2022, the Court granted the Motion [35] to Withdraw as Counsel for Scott filed by her then-attorneys Joel Dillard and Jay Kucia. *See* Order [37]. The Court directed Plaintiff to either obtain substitute counsel or advise the Court in writing of her intention to proceed pro se on or before May 19, 2022. *Id*. at 1. The Order was mailed to Plaintiff at her address of record. Scott has never responded to this Order [37].

After Plaintiff failed to respond to that Order, the Court entered an Order [39] to Show Cause on June 14, 2022, which directed Scott to explain in writing why this case should not be dismissed for failure to comply with an Order of the Court on or before July 1, 2022. *See* Order [39]. The Court reminded Plaintiff that it was her

1

"responsibility to prosecute the case. *Id* at 1. The Court also warned Plaintiff that "Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order." *Id*. at 1-2. The Order [39] was mailed to Plaintiff at her address of record. Plaintiff has not responded to the Order. Scott has never responded to this Order [39].

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Court finds that there is a clear record of delay and contumacious conduct

on the part of Plaintiff. Plaintiff did not timely respond to the Court's initial Order [37] granting the withdrawal of counsel, nor has she responded to the Order [39] to Show Cause. It appears from the record that Plaintiff is no longer interested in pursuing this case. She has not filed a pleading or otherwise corresponded with the Court since April 7, 2022. See Mot. to Withdraw [35].

Further, the Court finds that lesser sanctions than dismissal would not prompt diligent prosecution; instead, such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order). Accordingly, the undersigned recommends that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide Court Orders.

### III.  RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide Court Orders.

### IV.  NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

3

> district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 5th day of July 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE